**SEABOCK PRICE APC**
Dennis Price SBN 279082
Amanda Seabock SBN 289900
Christopher A. Seabock SBN 279640
117 E. Colorado Blvd., Ste. 600
Pasadena, California 91105
Phone: 323-616-0490
amanda@seabockprice.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Byron Chapman,** | Case Number: |
| Plaintiff, | |
| v. | **Complaint for Damages and Injunctive Relief for Violations of:** Americans with Disabilities Act, Unruh Civil Rights Act |
| **James R. Stillman,** in his individual capacity and as trustee of the Declaration of the Stillman Trust, dated 12/15/05; **Natasha V. Stillman,** in her individual capacity and as trustee of the Declaration of the Stillman Trust, dated 12/15/05; **Francia Alvarez** dba Romi's Brew & BBQ; **Higinio Salmeron Pacos,** dba Romi's Brew & BBQ and Does 1-10 | |
| Defendant(s). | |

1

Complaint, Romi Brew & BBQ

Plaintiff, Byron Chapman, alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

**<u>INTRODUCTION</u>**

1. Signed into law on July 26, 1990, the Americans with Disabilities Act was a landmark piece of legislation that promised equal access to disabled individuals. Hailed as a long overdue "independence day" by President George H.W. Bush at the time of signing, the law recognized that disabled Americans had been overlooked by prior civil rights laws and were entitled to independence and dignity in all aspects of society.

2. Recognizing that the ADA lacked sufficient remedies, the State of California promptly amended the Unruh Civil Rights Act to ensure those that are denied equal rights under the ADA have sufficient motivation and remedies to enforce the law.

3. However, over 30 years later, California still has businesses in flagrant violation of the law. These are not just small or "technical" violations, but actual barriers to access. What amounts to a minor or invisible difference to those without a disability may cause difficulties, discomfort, embarrassment or outright injury to those with disabilities.

4. Plaintiff is a disabled individual and a member of a protected class of individuals guaranteed rights under state and federal laws. Though progress made for access over the decades the ADA has been law, Plaintiff remains frustrated by the number of businesses that remain non-compliant.

5. Plaintiff is an avid advocate for himself and when he encounters barriers to access he first gives businesses an opportunity to comply with the law, an adequate time to do so, and then if that fails he will file suit to force compliance with state and federal laws.

6. Plaintiff visited the Romi Brew & BBQ facility ("Restaurant") located at 3707 E. Hwy 205, Nice, CA 95646 on twice between 2019 and 2021 and encountered barriers to access on each date. Prior to filing suit, Plaintiff informed the business of their noncompliance, however corrections were not made.

7. Plaintiff brings this action against James R. Stillman, Natasha V. Stillman, Francia Alvarez and Higinio Salmeron Pacos ("Defendants") for failure to design, maintain, construct,

Complaint, Romi Brew & BBQ

and operate the Romi Brew & BBQ facility ("Restaurant") in compliance with applicable accessibility laws.

**PARTIES**

8. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Placer.

9. Defendant "Declaration of the Stillman Trust dated 12/15/05" owned the real property located at or about 3707 E. Hwy 205, Nice, CA 95646, in May 2019.

10. Defendant "Declaration of the Stillman Trust dated 12/15/05" owned the real property located at or about 3707 E. Hwy 205, Nice, CA 95646, in August 2021.

11. Defendant "Declaration of the Stillman Trust dated 12/15/05" owns the real property located at or about 3707 E. Hwy 205, Nice, CA 95646 currently.

12. Defendants Francia Alvarez and Higinio Salmeron Pacos, dba Romi's Brew & BBQ owned or operated the place of public accommodation located at or about 3707 E. Hwy 205, Nice, CA 95646, in May 2019.

13. Defendants Francia Alvarez and Higinio Salmeron Pacos, dba Romi's Brew & BBQ owned or operated the place of public accommodation located at or about 3707 E. Hwy 205, Nice, CA 95646 in August 2021.

14. Defendants Francia Alvarez and Higinio Salmeron Pacos, dba Romi's Brew & BBQ

15. Defendants Francia Alvarez and Higinio Salmeron Pacos, dba Romi's Brew & BBQ own or operate the place of public accommodation located at or about 3707 E. Hwy 205, Nice, CA 95646 currently.

16. Every landlord, tenant, owner or operator of a place of public accommodation is separately charged with compliance with the ADA. 28 CFR § 36.201(b). Liability for non-compliance persists regardless of any contractual apportionment of responsibility between them. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833-34 (9th Cir. 2000).

17. At all times relevant to this complaint, Defendants had and continue to have a continuing obligation to assess, identify and remove all accessibly barriers where readily achievable to do

Complaint, Romi Brew & BBQ

Seabock | Price

so, and to implement the most accessible alternative when full compliance is not readily achievable.

18. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

## JURISDICTION AND VENUE

19. This court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 1281, *et seq.,* and 28 U.S.C. § 1332.

20. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

21. This court has personal jurisdiction over Defendant because it conducts and continues to conduct business in the state of California, County of Lake.

22. Venue is proper in the  District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complaint4ed of herein occurred in this District.

## FACTUAL ALLEGATIONS

23. Plaintiff has a spinal injury and uses a wheelchair for mobility and is a member of a protected class of individuals guaranteed rights under state and federal law.

4

Complaint, Romi Brew & BBQ

24. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment as those terms are understood under the Americans with Disabilities Act and Unruh Civil Rights Act.

25. Plaintiff first went to the Restaurant on May 12, 2019 with the intention to avail himself of its goods, services, privileges, advantages, or accommodations. ("Amenities").

26. Plaintiff returned to the business on August 25, 2021.

27. Unfortunately, on the dates of Plaintiff's visits, the Restaurant failed to comply with ADA and California standards as they relate to users of wheelchairs like the Plaintiff.

28. Defendants have failed to provide and/or maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. Plaintiff encountered parking barriers on May 12, 2019 and August 25, 2021.

30. Though the space fails to comply with the necessary scoping requirements for a compliant parking space, such as location, proper signage and access aisles, the business has an ostensibly compliant parking ADA space with a painted ISA logo. However, on the dates Plaintiff visited, the business kept garbage cans and broken tables in the parking space. This policy continues into 2023.

31. Accessible parking provides disabled individuals safe access to the affiliated businesses. These spaces—when properly designed—deter unauthorized individuals from parking in, or blocking access to, the parking space. Plaintiff has first-hand experience with using non-compliant parking and is unable to use non-compliant alternatives without concern for his safety and ability to return to his vehicle. In this case, he was worried he would be blocked out of his van and that due to the non-compliant access aisle and lack of code enforcement signage which would leave him without recourse if any vehicles blocked his van. As a result, he had to double park awkwardly, and at a distance from the business to try and deter someone from blocking him in.

32. Due to where Plaintiff had to park in order to ensure he'd be able to re-enter his vehicle, he was forced to travel in the drive aisle putting himself at risk of being hit by traffic. As he was forced to double park, he had anxiety that someone might vandalism his vehicle in retaliation.

Complaint, Romi Brew & BBQ

Seabock / Price

33. Plaintiff encountered barriers relating to the offered dining surfaces on May 12, 2019 and August 25, 2021.

34. Inside the restaurant, there were no tables designated for wheelchair users, and the tables offered had a variety of noncompliance. Plaintiff was forced to eat at a side-angle, as he was unable to comfortably sit underneath the tables. This awkward angle caused him anxiety that he would spill on himself, and also embarrassment of having to eat differently from other people.

35. The Restaurant offers bar seating. However only high bar counters are provided.

36. While the Restaurant has since changed the tables, the remaining tables are still non-compliant. Though the new tables do not have a "center post" style like previously, they still have insufficient width to provide proper toe and knee clearance.

37. Plaintiff encountered numerous restroom barriers on May 12, 2019 and August 25, 2021.

38. Accessible restrooms are a critical feature of businesses that offer restroom facilities. Due to his disability Plaintiff must always be cognizant of where the nearest accessible restroom is, and the failure to provide accessible restroom facilities denied him the peace of mind of knowing he would be able to relieve himself if needed. Here, Plaintiff found that compliant restrooms were not provided.

39. When restrooms are provided, accessible restrooms must also be provided. Here, numerous barriers were present:

    a. The flush handles were on the narrow side of the toilet, barring access.

    b. The cabinet style sink prevented him from washing his hands causing him anxiety and embarrassment.

    c. The soap dispenser was too high.

    d. There is no rear grab bar.

    e. The hand towel dispenser was too high.

    f. The toilet was positioned too close to the wall.

    g. The toilet seat covers are too high and placed behind the toilet.

40. Despite the above, Plaintiff overcame the difficulties presented to him and made purchases at the business on each occasion.

Complaint, Romi Brew & BBQ

41. On information and belief, the above conditions currently exist or the policies that allowed to the occur have not been changed.

42. These above barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

43. In an effort to obtain correction of the above informally, Plaintiff sent a handwritten letter after his first visit to the property owner about his experiences stating:

> Dear Sara,
>
> Please give this to the Manager. You see I use a wheelchair and had problems with your parking. For example: no van accessible parking space.
>
> You need to look at these things and anything else that affects a wheelchair user and make them accessible. Call the building department. I thought you should know about this.
>
> Please write me when you get this note and let me know what you will do and your thoughts on this matter.
>
> Respectfully,
>
> Byron Chapman

44. Plaintiff was heartened to receive a response! The manager of the business, Tiffany Bishop, wrote back on or about 12/19/19 confirming receipt of the letter and stating they would look into the issues brought to their attention.

45. Due to the global pandemic, Plaintiff was unable to return for an extended period of time. However, he did return in August 2021. Unfortunately despite the large period of time, and the assurances, barriers remained at the business.

46. Plaintiff, discouraged that despite his notifying the business of the non-compliance and having given ample time to correct, has been deterred from returning.

47. During investigation of the claim, additional barriers not personally acknowledged by Plaintiff but pertaining to his disability were discovered:

48. The path of travel to the entrance from the ostensibly compliant parking spaces contained non-compliant slopes.

49. Plaintiff seeks removal of all barriers to access pertaining to his disability.

Complaint, Romi Brew & BBQ

50. All of barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that patrons should expect to have been removed in the more than thirty years since the ADA became law and should be presumed readily achievable due to ease of removal. However, should full compliance not be readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access than presently exists.

51. Plaintiff intends to return to the business in the future and believes it is likely that other barriers to his patronage exist given the obvious barriers he encountered. During litigation, Plaintiff will thoroughly investigate the property and amend the complaint to provide the full scope of remediation required. Plaintiff seeks to have all barriers related to his disability removed. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008); *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 653–54 (2019) (holding that once a plaintiff encounters one barrier at a site, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

52. As the ADA has existed since 1990, Plaintiff alleges the above conditions were the result of either a policy failure or systematic negligence such that only regular future audits of the facility and policy modifications can ensure future compliance.

53. In 2015, California implemented Cal. Code Civ. P. § 425.55(b), defining some ADA plaintiffs as "high-frequency litigants" and requiring certain disclosures by some ADA plaintiffs. Plaintiff does not meet the criteria described in this section as he has not filed 10 or more construction related accessibility cases in the past year.

Complaint, Romi Brew & BBQ

# I. FIRST CAUSE OF ACTION:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### Title 42 United State Code §§ 12101-12189

### (On behalf of Plaintiff and against all Defendants)

54. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

55. Under the Americans with Disabilities Act, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

56. When a business provides restrooms, it must provide accessible restrooms. 2010 ADA Standards for Accessible Design ("ASASAD") Chapter 2 & 6; 1991 ADAAG Chapter 4.16-4.17.

Complaint, Romi Brew & BBQ

57. Here, though offering restrooms generally, accessible restrooms have not been provided in conformance with the ADA Standards.

58. When a business provides parking, it must provide accessible parking. 2010 ASASAD Chapter 2 & 5; 2004; 1991 ADAAG Chapter 4.6.

59. Here, despite offering parking, accessible parking has not been provided in conformance with the ADA Standards.

60. When a business provides walkways, paths or other navigable elements, it must provide accessible paths of travel. 2010 ASASAD Chapter 2 & 4; 1991 ADAAG Chapter 4.3.

61. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

62. When a business provides dining surfaces, it must provide accessible dining surfaces. 2010 ASASAD Chapter 226; 902.

63. Here, despite offering dining surfaces, accessible dining surfaces have not been provided in conformance with the ADA Standards.

64. In addition to offering accessible Amenities, a public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

65. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit also do not comply with the 1991 Standards. 28 CFR § 35.151(b)(4)(ii)(C).

66. Here, the failure to ensure that accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

### II. SECOND CAUSE OF ACTION:
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### California Civil Code §§ 51-53
### (On behalf of Plaintiff and against all Defendants)

67. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

Complaint, Romi Brew & BBQ

68. The Unruh Civil Rights Act ("UCRA") guarantees, among other things, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

69. The UCRA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

70. Defendants' acts and omissions, as herein alleged, have violated the UCRA by, among other things, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

71. Because the violation of the ADA resulted in a denial of full and equal access to the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. Civ. Code § 55.56(a)-(c).

### **PRAYER**

Plaintiff prays that this Court award damages and provide relief as follows:

72. For permanent injunctive relief, compelling Defendants to remove all presently existing architectural barriers as required by the Americans with Disabilities Act and the Unruh Civil Rights Act within 90 days of judgment, or another date certain determined to be just by the court. This shall include, but not be limited to the following barriers encountered by the Plaintiff:

    a. Accessible paths of travel inside and outside the Restaurant.

    b. Installation of complaint dining surfaces.

    c. Installation of compliant parking for vans with deployable ramps.

    d. Installation of a fully compliant restroom facility that allows use by persons using a wheelchair. To the extent full compliance is not readily achievable, the most readily achievable alternative shall be offered.

73. For injunctive relief requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify on-going ADA compliance and follow those inspection's recommendations of all readily achievable barrier removal. The

11

first inspection shall occur within 90 days of judgment, or another date certain determined to be just by the court.

74. For injunctive relief requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities. This shall be implemented within 90 days of judgment, or another date certain determined to be just by the court.

75. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each occasion the Plaintiff was denied full and equal access.

76. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Date: March 15, 2023

**SEABOCK PRICE APC**

Dennis Price
Attorney for Plaintiff

Complaint, Romi Brew & BBQ